PER CURIAM.
The St. Paul Mercury Insurance Company has appealed an order of the trial court finding that it was liable as surety under a performance bond issued for the benefit of the state as obligee. With the exception of the correction set forth below, we affirm.
St. Paul raises five issues on appeal: 1) that the trial court erred in finding that the bond issued by St. Paul was ambiguous; 2) that, if the bond was ambiguous, the trial court applied the incorrect standard for resolution of the ambiguity; 3) that there was no evidence to support an award of damages; 4) that the trial court erred in finding that St. Paul had not proven its affirmative defense that the state failed to mitigate its damages; and 5) that the trial court erred in awarding the full amount of the bond as damages.
As to the first four issues, we affirm without further discussion. However, as to the last issue, we reverse the amount of damages awarded, and remand for recalculation of damages based on the actual amount paid by the state. A bond conditioned to be void on the fulfillment by the principal of all of his duties is operative as a promise that either all those duties will be performed, or that the obligee will be indemnified within the limit of the penalty in the case of non-performance. Only in cases where the harm inflicted by the breach of a bonded obligation is not capable of being measured and liquidated in money will the penalty of the bond be enforced. In all other cases, the plaintiffs recovery will not exceed the amount of the injury that he proves. Corbin on Contracts, §§ 258, 800.
Here, St. Paul argues, and the state concedes, that although the bond was issued in the amount of $697,045, the state actually paid only $674,045 under the bonded contract. Because the damage suffered by the state is capable of being liquidated in money, the state should be indemnified only up to that amount. The case cited by the state for the proposition that the full amount of the bond was correctly awarded is inapposite, as it holds only that, except in special circumstances, no more than the bond amount can be collected even if the actual damages exceed that amount. See Traveler’s Indemnity Co. v. Askew, 280 So.2d 469, 471 (Fla. 1st DCA 1973).
We therefore reverse the damage award herein, and remand for recalculation based on the state’s actual damages of $674,045, less the $33,000 it was offered for the equipment. The final judgment is in all other respects affirmed.
SMITH, JOANOS and BARFIELD, JJ., concur.